[Crim. No. 93.   Fourth Appellate District.—March 19, 1934.]

In the Matter of the Application of J. J. WILLIAMS for a Writ of Habeas Corpus.

Wright, Monroe, Thomas & Glenn for Petitioner.

Frank Birkhauser for Respondent.

BARNARD, P. J.—This is an application for a writ of *habeas corpus* filed on behalf of J. J. Williams, alleging that he is unlawfully detained by the constable of the township of Heber, in the county of Imperial.

The petition alleges that Heber Public Utility District, in the county of Imperial, is a public utility district organized and existing under and by virtue of the state laws (Stats. of 1921, p. 906, as amended, Deering's Gen. Laws, Act

6391) ; that the board of directors of this district adopted an ordinance purporting to impose a license tax for transacting and carrying on certain businesses, trades, professions and occupations within the limits of the district, fixing the amount of such licenses with the method of collecting the same and prescribing a penalty for nonpayment thereof; that the said Williams is a truck driver in the employ of the Standard Oil Company of California, a corporation; that he brought gasoline from without the territorial limits of said district and made a retail sale and delivery of a quantity of gasoline from said truck to an individual within said district; that neither he nor the Standard Oil Company of California has secured a license from said district in accordance with the purported requirements of said ordinance; and that he was arrested by said constable under a warrant of arrest issued out of the justice's court of the township of Heber, county of Imperial, based upon a complaint filed in that court charging him with a violation of the ordinance referred to. It is then alleged that this ordinance is invalid and void for the reason that the imposing and collection of such license payments is beyond the jurisdiction and authority of such a district. This ordinance, a copy of which is set forth in the petition, recites that in order to carry out the objects and purposes of this district, for the purposes of revenue and in the exercise of the taxation power possessed by the district, a license tax is thereby imposed. It lists certain businesses and occupations, including the sale of gasoline, and fixes for each a designated license tax to be paid quarterly.

A demurrer to the petition was filed and the sole question presented is whether such a public utility district has the power to license the carrying on of various forms of business within the district, to fix the amount of license tax to be paid for the privilege of transacting business therein, and to enforce a penalty for failing to pay the same.

It is the respondent's contention that such a license provision is a form of taxation, that such a form of taxation is within the powers given by other laws to a municipality, and that the public utilities act referred to gives to such a district, in so far as this matter is concerned, the same general powers that have been conferred upon a municipal corporation. It is unnecessary to consider the various cases

and constitutional provisions relied upon by the respondent in support of his argument that the same powers should be given to such a district as have been given to municipalities. ■ It seems apparent that the taxing powers possessed by such a district are those, and those only, which it derives under the act of 1921, as amended. The solution of the question here presented depends entirely on the proper construction of those portions of that act which purport to delegate powers of taxation to such a district.

Section 1 of the act in question provides that such a district "may exercise the powers herein expressly granted." Section 30 enumerates the powers which may be exercised by such a district. The ninth subdivision thereof reads as follows: "To levy and collect, or cause to be levied and collected, taxes for the purpose of carrying on the operations and paying the obligations of the district." It is respondent's contention that the provision just quoted is an express grant of the power to levy and collect taxes of every kind and nature, without limitation, except that the same shall be used for the purpose of carrying on the operations and paying the obligations of the district. However, the act in question was passed and is designed solely to permit the people of an unincorporated territory to organize such a district for the purpose of supplying certain designated utilities and services to the inhabitants thereof, and to enable a district thus organized to furnish such services to its people. This essential and basic power is set forth in subdivision 5 of section 30. We take it that section 30 of this act is but a general statement of the powers conferred on such a district and that the provisions of the other subdivisions thereof are incidental to and designed to be of assistance in carrying out the power conferred by subdivision 5.

It plainly appears that no one of the subdivisions of section 30 is intended to be an absolute grant of power in itself, but that each is intended to be taken in connection with the others and with the other sections of the act. The basic power given, that is to acquire, construct, own, operate, control or use the utilities named, is unquestionably to be taken in connection not only with the other provisions of that section giving to the district the right of eminent domain, of constructing works across or along streets and highways, of incurring indebtedness and issuing bonds, and of making

contracts, but also with the succeeding sections of the act which set forth in more detail the manner in which a district may acquire or construct such a system and under what circumstances and in what manner it may issue bonds and provide for the payment of the same. Similarly subdivision 9 of this section, relied upon by the respondent, is not an absolute grant of all taxing power but is limited by other sections of the act. Section 34 provides that the board of directors shall annually levy and collect a tax sufficient to pay the annual interest on such bonds as have been issued in accordance with other provisions. Section 38 provides that only revenue producing utilities shall be acquired or operated by such a district, declares in unmistakable language an intention that each public utility thus owned and operated shall be self-containing and that all debts and all expenses shall be paid from revenues derived from the operation thereof, and provides that, so far as possible, the board of directors shall fix such charges for services furnished by each utility as will pay all expenses and all indebtedness. Section 39 then provides that in the event the revenues of the district are inadequate for this purpose the board of directors must or may, according to certain circumstances, levy a tax for such purposes ''as herein provided.'' The section then contains elaborate provisions for the levy and collection of taxes on the taxable property situated within the district, including provisions for the sale of such property if the tax is not paid. Subdivision 4 of section 39 provides, in part, that ''all taxes levied under the provisions of this act shall be a lien on the property on which they are levied.''

It would be just as reasonable to hold that subdivisions 5 and 8 of section 30 are independent of all other provisions of the act and that such a district is thereby authorized to acquire or construct such utilities in any way or manner the board of directors may see fit, or to issue bonds without the formality of an election, in disregard of the limitations provided in succeeding sections for the doing of such acts, as to hold that the taxing power given to the district by subdivision 9 of section 30 is unlimited and not to be considered in connection with the provisions of sections 38 and 39. If respondent's contention be correct, section 38 of the act is entirely meaningless and section 39 provides for a

system of taxation which is only incidental and which may or may not be used, at the option of the board of directors, even though the ordinary revenues of the district are inadequate to meet its needs. If, as respondent contends, a general power to tax is conferred on the district by subdivision 9 of section 30, which power is independent of and unlimited by the provisions of other sections of the act, the board of directors would have the right to fix only a minimum charge for services rendered or furnished by the utility and to obtain the major portion of any needed revenues from a license tax on various forms of business carried on within the district, even though those transacting such business were outsiders and in no way benefited by the utilities being operated, and need apply the provisions of section 39 for taxing the property within the district only if the funds received from other forms of taxation were not sufficient to take care of the cost of operation and any indebtedness. ▮ The mere statement of the proposition should be a sufficient answer thereto and furnishes an additional reason for applying the long established rule that all parts of an act should be read and taken together and that, when possible, each part of an act should be so interpreted as to give effect to the whole thereof.

The act in question was considered in the case of *In re Orosi Public Utility District,* 196 Cal. 43 [235 Pac. 1004]. In that case, the court held that a district organized under this act is *quasi*-municipal in character, with power to carry on the particular functions committed to it but that it is not necessary for such a district to exercise all the powers given to and usually exercised by municipal corporations. The court also pointed out that it is only when the revenues of a district are inadequate to meet its needs that the board of directors may levy a tax to provide such funds, and that the act specifically provides that in the event it becomes necessary to thus levy a tax the board of directors must or may, according to the purpose for which funds are needed, provide by ordinance for an assessment on the taxable property situated within the district. It is our opinion that, under its plain provisions, the power of taxation conferred on such a district is limited by the terms of the act and that, under those terms, the board of directors of this district had no power to levy and collect such a

business license tax as was attempted to be provided for in this ordinance. It follows that the ordinance is void and that the said J. J. Williams should be discharged, and his bail exonerated.

It is so ordered.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 2, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 16, 1934.